**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

                                                                                      Case No. 25 CR 113 JB

vs.

DINEH BENALLY,
DONALD BENALLY, and
IRVING REA YUI LIN,

      Defendant.

**UNOPPOSED MOTION TO CONTINUE
SEPTEMBER 2025 TRIAL AND PRETRIAL DEADLINES**

      The Defendants, Dineh Benally, by and through his counsel Paul Linnenburger of Lane Linnenburger Lane LLP, Donald Benally, by and through his counsel, Mallory Gagan of Gagan Law, LLC, and Irving Rea Yui Lin, by and through his counsel, Richelle Anderson of the Law Office of Ryan J. Villa, pursuant to U.S. Const. amend. V; U.S. Const. amend. VI; and 18 U.S.C. §3006A, hereby respectfully request this Honorable Court vacate and continue the trial setting of September 8, 2025, and to vacate all deadlines and settings in this matter and continue the same. In support thereof, the Defendants state as follows:

**Procedural History**

      1.      On January 22, 2025, the Defendants were charged in a six count Indictment. (Doc. 2). All three Defendants are charged with conspiracy, manufacture of 1,000 kilograms or more of marijuana, and possession with intent to distribute 1,000 kilograms or more of marijuana. The potential penalties for this charge include mandatory statutory incarceration of ten years on each count. Defendant Dineh Benally is further charged with maintaining a drug-involved premises, and

knowing discharge of a pollutant without a permit.

2.  Defendant Dineh Benally and Defendant Donald Benally were arrested on January 23, 2025. Defendant Dineh Benally is detained pursuant to an order of detention filed by United States Magistrate Judge Kirtan Khalsa. (Doc. 36).

3.  Defendant Lin was arrested on February 3, 2025, and is currently detained pursuant to an order of detention filed by United States Magistrate Judge John F. Robbenhaar. (Doc. 46).

4.  Defendant Donald Benally was released on conditions on February 19, 2025, and currently is in the custody of La Pasada halfway house. (Doc. 51).

5.  This case is exceedingly complex and a motion for complex case designation was filed on February 13, 2025. (Doc. 50). An order was entered declaring this case complex pursuant to 18 U.S.C. §3161(h)(7)(B)(ii) on March 4, 2025. (Doc. 58).

6.  All three Defendants are represented by counsel appointed pursuant to the Criminal Justice Act, 18 U.S.C. §3006A. Defendant Dineh Benally was originally represented by Buck T. Glanz of the Federal Defender, but on March 7, 2025, Mr. Buck was granted leave to withdraw and the Federal Defender is no longer available as counsel for any Defendant herein. (Doc. 63). On March 7, 2025, Paul Linnenburger was appointed as counsel for Defendant Dineh Benally. (Doc. 64).

### Necessity of Continuance

7.  This case is exceedingly complex and represents one of the more discovery intensive cases seen in this District. The investigation stretched over a significant time period and involved numerous law enforcement agencies of various jurisdictions, federal and state. As noted in the Motion to Designate Case as Complex, this case involves potentially hundreds of thousands of pages of discovery as well as significant technical evidence, including many hours of video recordings.

8. The Government diligently set forth to disclose discovery materials in an efficient manner and has made significant disclosure to date which defense counsel are working to review. To date, in excess of 35,000 pages and significant digital materials have been disclosed. The Defendants anticipate that discovery will continue to occur in an organized manner, but will ultimately require additional time to ensure all necessary discovery is disclosed. Review of the tremendous amount of materials by defense counsel, let alone Defendants, is an ongoing and lengthy process. This process must be allowed to complete itself as it is necessary for counsel to provide constitutionally appropriate assistance, for Defendants to understand the charges against them fully, meaningfully participate in plea discussions, if appropriate, or otherwise prepare this matter for trial. The seriousness of the charges and counsel's constitutional responsibilities to provide adequate assistance dictate review of materials disclosed.

9. Defendants are currently prevented from utilizing the basic tools necessary to formulate their defenses due to failures of the legislature to ensure appropriate necessary funding to appointed counsel nationwide. This is discussed in more detail below.

10. Given the amount of discovery, even with funding available, it would have been impossible for counsel to review the massive amount of discovery, conduct necessary investigation related thereto, translate the information into meaningful litigation of any pretrial matters, and/or, if appropriate, to fully explore plea discussions and engage in the same with the current setting.

11. The parties have been engaged in plea discussions which continue. If this matter is not resolved, Defendants anticipate a superseding indictment with additional serious charges levied against Defendants. This is expected to, in turn, to require expenditure of additional significant resources as to the defense, the prosecution and the Court. Thus, it is vital to the interests of the

Defendants, the Government, the Court, and the public to permit adequate time within which to complete those discussions.

12. Defendants request a continuance to complete several tasks vital to the case. Due in part to the funding concerns discussed below, which are not anticipated to relieve until October 2025 at the earliest, an additional 180 days is required, at a minimum, to provide an opportunity to complete these vital tasks. These tasks include the continued disclosure and review of discovery, conducting additional appropriate investigation, including mitigatory investigation, continuing to engage in detailed and complex plea negotiations, and, if those negotiations are unsuccessful, to prepare for trial, including the preparation and filing of pretrial motions, if appropriate. Counsel submit that one hundred eighty (180) days is the minimum amount of time that is required to conduct required to prepare this matter and, if appropriate, to conduct discussions to determine if a resolution may be reached, and, in the event a resolution is not reached, conduct necessary hearings and litigation, including trial, due in part to the funding concerns discussed below.

13. This motion is not predicated on the court's docket or a lack of diligence on the part of the attorney for the Government, *see* 18 U.S.C. §3161(h)(7)(C), but because a continuance is specifically necessary for defense counsel to complete the following tasks which they are unable to complete at this time, in part, due to inadequate funding of indigent defense through the Criminal Justice Act at this time:

    a. Continue review of discovery as it is disclosed;

    b. Ensure complete disclosure of required discovery;

    c. Conduct a full investigation into the allegations and charges;

    d. Confer with Defendants concerning the investigation, discovery, factual and

          legal issues, and, if appropriate, plea discussions and/or trial preparations;

    e.    Investigate, explore and research appropriate mitigatory issues relevant to potential resolution issues;

    f.    Evaluate the necessity of experts, and, if necessary, obtain such experts; and

    g.    If appropriate, prepare and file pretrial motions, including possible motions to suppress and motions in limine, if this matter is not otherwise resolved.

14. The assistance of counsel is fundamental to ensuring the fairness of criminal trials and the fundamental human rights of life and liberty. *Gideon v. Wainwright*, 372 U.S. 335, 343 (1963). It is by far the most pervasive of rights guaranteed criminal defendants because it effects the ability to assert all other rights. *United States v. Cronic*, 466 U.S. 648, 654 (1984).

15. Defendants' right to the effective assistance of counsel includes adequate time to prepare for trial, which, in this case, represents more time than is typically required due to the complexity and the sheer amount of discovery. Without adequate time to prepare for trial, Defendants will be denied his right to the effective assistance of counsel. As the Eleventh Circuit has recognized,

> Implicit in this right to counsel is the notion of adequate time for counsel to prepare the defense: "Disposition of a request for continuance . . . is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed. But the denial of opportunity for appointed counsel to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment."

*United States v. Verderame*, 51 F.3d 249, 242 (11th Cir. 1995) (quoting *Avery v. Alabama*, 308 U.S. 444, 446, 60 S.Ct. 321, 322 (1940).

16. To ensure appropriate assistance of counsel, a continuance of the trial of no less than one hundred eighty (180) days from September 8, 2025, is requested. Counsel for Defendants believe

this length of time to be the minimum that will be sufficient to conduct the above-referenced tasks given the complexity of this matter, including obtaining and reviewing discovery and conducting investigation arising therefrom, exploring the possibility of a resolution, conducting appropriate research and, if necessary, preparing pretrial motions and otherwise preparing for trial, in particular in light of the absence of Criminal Justice Act funding until at least October 2025.

17. The requested continuance will permit Defendants additional time within which to effectively prepare this matter, potentially provide them access to the basic tools of a defense, and finalize plea discussions which are detailed and complex. This potentially will permit the Defendants to reach a favorable resolution with the Government, which is of particular import in this matter as Defendants face very lengthy terms of incarceration based on the charges against them. In the event the parties are unable to reach a resolution, a continuance will permit Defendants additional necessary time in which to prepare and file pretrial motions, further investigate this case, and to prepare for trial, particularly in light of unavailability of Criminal Justice Act funding at this time.

18. The ends of justice will be served by this requested continuance of the trial. *See United States v. Fernandez-Mejia*, 406 Fed. App'x. 330, 338 (10th Cir. 2011) ("The Speedy Trial Act was intended not only to protect the interests of defendants but was also 'designed with the public interest firmly in mind.'") (quoting *United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009). A failure to vacate the trial setting will prevent Defendants and the Government from continuing the progress made in plea discussions to date or otherwise preparing this matter fully and adequately for trial, including investigation, preparation and litigation of motions, and formulation of trial strategy. This would result in a miscarriage of justice as described in 18 U.S.C. §3161(h)(7)(B)(i) and a denial of the reasonable time necessary for the effective and competent preparation described in 18 U.S.C.

§3161(h)(7)(B)(iv), particularly in light of the level of complexity and novel issues of fact and law as described in 18 U.S.C. §3161(h)(7)(B)(ii), *see generally Toombs*, 574 F.3d 1262, and the failure of the federal government to provide funds within the Criminal Justice Act for indigent defense of these Defendants until at least October 2025. For the same reasons, the ends of justice and the best interests of the public will be furthered by the relief requested herein.

19. Furthermore, if a resolution cannot be reached, the Defendants anticipate preparation and filing of pretrial motions. The period from the time of filing of such motions until they are decided will be excluded from computation under the Speedy Trial Act in accordance with 18 U.S.C. §3161(h)(1)(D) and *United States v. Tinklenberg*, 131 S. Ct. 2007 (2011) (time consumed by consideration of pretrial motions excluded from computation under the Speedy Trial Act).

### Failure to Fund Indigent Defense

20. On March 15, 2025, the Full-Year Continuing Appropriations and Extensions Act, 2025 (H.B. 1968) was signed into law maintaining funding across the United States Government at prior year levels. This resulted in a shortfall within the federal judiciary's Defender Services program, which includes the Criminal Justice Act, of nearly $130 Million below necessary levels. United States Courts, *Funding Shortfalls Adversely Affect Key Judiciary Programs* (April 18, 2025), https://www.uscourts.gov/data-news/judiciary-news/2025/04/18/funding-shortfalls-adversely-affect-key-judiciary-programs. The Judicial Conference of the United States recognized that this funding shortfall was likely to create "unlawful delays in the constitutional right of defendants to a speedy and fair trial" in part because of the likelihood that attorneys and necessary service providers would decline to provide services under the Criminal Justice Act. *See* April 10, 2025, Letter from Judicial Conference of the United States to United States Legislators Cole, DeLauro, Joyce and Hoyer,

https://www.uscourts.gov/sites/default/files/document/fy-2025-funding-request-letters-to-congress.pdf.

21.     On March 27, 2025, less than three weeks after appointment of counsel for Defendant Dineh Benally, counsel were notified by the New Mexico Criminal Justice Act Resource Counsel that payments to all counsel and providers was expected to cease between July 16 and September 30, 2025. On April 30, 2025, Elizabeth Luck, Defender Services Office Chief issued a memorandum indicating payments were expected to cease between some time in July and September.

22.     On June 26, 2025, Judge Cathy Seibel, Chair of the Judicial Conference Committee on Defender Services issued a Memorandum indicating that Criminal Justice Act funding may be depleted as early as July 7, 2025.

23.     On July 3, 2025, Elizabeth Luck, Defender Services Office Chief sent notice to all district defenders and CJA panel representatives that all CJA funds had been depleted.

24.     On July 15, 2025, the United States Courts publicly confirmed that CJA panel attorney payments, and by extension, all defense expert services, have been suspended nationwide as of July 3, 2025 and were not expected to commence until at least October 1, 2025. U.S. Courts, *Funding Crisis Leaves Defense Lawyers Working Without Pay,* U.S. Courts (July 15, 2025), https://www.uscourts.gov/data-news/judiciary-news/2025/07/15/funding-crisis-leaves-defense-lawyers-working-without-pay.

25.     Counsel notes that the judiciary has raised concerns and warned the United States Legislature for many years that inadequate funding to the judiciary and defender services creates constitutional crises and delays criminal prosecutions. *See e.g.*, Chief Judge William B. Traxler, Jr., Chair of Executive Committee of the Judicial Conference of the United States, *Statement on Impact*

*of Sequestration on Judiciary, Defender Funding* (April 17, 2013), https://www.uscourts.gov/data-news/judiciary-news/2013/04/17/statement-impact-sequestration-judiciary-defender-funding. These concerns were again placed before the United States Congress recently in the lead up to the current crisis. *See* Sen. Peter Welch, *et. al.*, Letter to Senate Appropriations Committee, October 6, 2023, https://www.welch.senate.gov/wp-content/uploads/2023/10/Welch-Correct-FY24-Federal-Defenders-Appropriations-Levels-10062023.pdf; U.S. AOCAdmin. Office of U.S. Courts, *FY 2025 Funding Request Letters to Congress* (Feb. 15, 2024), https://www.uscourts.gov/sites/default/files/document/fy-2025-funding-request-letters-to-congress.pdf.

26. In other words, this is an intentional act by the United States Congress to deprive the judiciary of necessary funds to ensure Defender Services, most notably the Criminal Justice Act services, are able to operate in a constitutionally appropriate manner. The failure to provide funding has forced a dangerous competition between defendants' constitutional rights.

**Constitutional Necessity of Funding**

27. The criminal justice system is built upon a foundation of legitimately fair confrontation between adversaries. Thus, when the government brings judicial power to bear upon indigent defendants in criminal proceedings, "it must take steps to assure that the defendant has a fair opportunity to present his defense." *Ake v. Oklahoma*, 470 U.S. 68, 76 (1985). Central to a fair opportunity is the effective assistance of counsel for indigent defendants. *Id.*, citing *Gideon v. Wainright*, 372 U.S. 335 (1963) and *Strickland v. Washington*, 466 U.S. 668 (1984). However, this is only the beginning of ensuring "meaningful access to justice" as required by the Constitution.

28. Mere appointment of any lawyer does not assure a proper adversarial process and is

9

insufficient alone to meet constitutional mandates. *United States v. Cronic*, 466 U.S. 648, 654 (1984). Defendants must have the assistance of counsel that plays their role consistent with notions of fundamental fairness. *Kimmelman v. Morrison*, 477 U.S. 365, 377 (1986). This includes counsel with the ability and resources to invoke the procedural and substantive safeguards within the system. *See Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980). To do so, indigent defendants must be provided the raw materials and basic tools integral to the building of an effective defense and the failure to provide this results in a fundamentally unfair process in violation of the Constitution.[1] *Ake*, 470 U.S. at 77, citing *Ross v. Moffitt*, 417 U.S. 600, 612 (1974) and *Britt v. North Carolina*, 404 U.S. 226, 227 (1971).

29. The duty of the United States "to provide an indigent criminal defendant with the essential tools of trial defense is of both a constitutional and statutory dimension." *United States v. Sims*, 617 F.2d 1371, 1375 (9th Cir. 1980).

30. In this context, the Tenth Circuit examines three factors to determine whether or not a defendant is deprived of the necessary basic tools of a defense, including:

> (1) the effect on [the defendant's] private interest in the accuracy of the trial if the requested service is not provided; (2) the burden on the government's interest if the service is provided; and (3) the probable value of the additional service and the risk of error in the proceeding if such assistance is not offered.

*Castro v. Ward*, 138 F.3d 810, 826 (10th Cir. 1998) (quoting *United States v. Kennedy*, 64 F.3d 1465, 1473 (10th Cir. 1995). Here, the failures of funding from the United States Congress will deprive

---

[1] This is not merely a constitutional issue, it is also a violation of the statutory duties and responsibilities of the United States. *See United States v. Sims*, 617 F.2d 1371, 1375 (9th Cir. 1980) (""to provide an indigent criminal defendant with the essential tools of trial defense is of both a constitutional and statutory dimension.").

Defendants of the basic tools necessary if trial is not continued until such time as funding is renewed.

31.     For instance, as the judiciary warned, defense service providers, from experts, to discovery coordinators, to investigators, are refusing work through the Criminal Justice Act in this District. In a case such as this, with hundreds of witnesses, an investigation spanning years and a large geographical area, and tens of thousands, if not hundreds of thousands, of pages of discovery, including a tremendous amount of financial records, this renders counsel without the basic tools necessary to mount a defense, or even to conduct a basic analysis of the case. It is not possible for a single lawyer to locate, engage and interview those witnesses while also having to conduct preliminary and in-depth review of thousands and thousands of pages of materials without the assistance of knowledgeable experts. The accuracy of the trial would necessarily be compromised and the risk of error increased exponentially.

32.     The funding crisis is depriving defendants, including these Defendants, of the basic tools necessary to mount their defense until at least October 2025. While this places Defendants' rights in competition, their right to counsel and fundamental fairness cannot be upheld under the current trial setting.

### Statement of Position of the Government

33.     Eva Fontanez, Assistant United States Attorney, was contacted concerning this Motion and the relief requested herein and indicated no opposition to a continuance in this matter. Undersigned counsel does not intend to suggest that Ms. Fontanez or the United States Attorney's Office endorses all reasons set forth herein by not opposing a continuance.

WHEREFORE, based on the information and reasons described above, the Defendants Dineh Benally, Donald Benally, and Irving Rea Yui Lin, and the United States of America, by and through

undersigned counsel, respectfully request this Court continue the jury trial and motions deadline for a period of one hundred eighty (180) days.

Respectfully Submitted,

/s/ Paul Linnenburger
_____
PAUL LINNENBURGER
Lane Linnenburger Lane LLP
P.O. Box 6622
Albuquerque, New Mexico 87197
Ph:     (505) 226-7979
Email: paul@attorneyslane.com
*Attorney for Defendant Dineh Benally*

and

/s/ Mallory Gagan
_____
MALLORY GAGAN
Gagan Law, LLC
620 Roma NW
Albuquerque, New Mexico 87102
Ph:     (505) 448-4384
Email: mallory@gaganlawfirm.com
*Attorney for Defendant Donald Benally*

and

/s/ Richelle Anderson
_____
RICHELLE ANDERSON
5501 Eagle Rock Ave. NE, Ste. C2
Albuquerque, New Mexico 87113
Ph:     (505) 639-5709
Email: richelle@rjvlawfirm.com
*Attorney for Defendant Irving Lin*

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on the 31st day of July, 2025, I filed this pleading electronically through the CM/ECF system, which caused counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

                                    */s/ Paul Linnenburger*
                                    Paul Linnenburger